SECURITY STATE BANK V. J. G. RAINE.

[FILED MARCH 10, 1891.]

**Pleading :** ACTION ON CORPORATE SUBSCRIPTIONS.  A banking organization in Franklin county proposed to move to Grand Island and organize there with a capital stock of $125,000, and erect a business house of a certain description on a lot designated, provided that R. and other persons would subscribe $30,000 to the capital stock.  $35,000 were, in fact, subscribed by R. and others. In an action by the bank against R., the facts were stated, together with the contract of R. and others, and it was alleged that the bank had duly performed all the conditions on its part to be performed.  *Held*, That the petition stated a cause of action against R.

ERROR to the district court for Hall county.  Tried below before HARRISON, J.

*O. A. Abbott*, for plaintiff in error.

*Thummel & Platt, contra.*

MAXWELL, J.

The question presented in this case is the sufficiency of the petition.  A demurrer thereto was sustained in the court below and the action dismissed.  The petition is as follows:

" The plaintiff complains of the defendant and alleges that it is a corporation duly organized, existing and doing business under the laws of the state of Nebraska, and has its principal office and place of business in the city of Grand Island, Nebraska; that heretofore, to-wit, on or about the 1st day of March, A. D., 1889, the said John G. Raine, with other persons, entered into an agreement in writing between themselves, whereby, and by the terms whereof, they mutually agreed to and with each other to

organize a banking institution in the city of Grand Island,
having a branch in the city of Franklin, in this state, and
under and in conformity with the laws of the state of Ne-
braska, and mutually agreed to and with each other to
subscribe for and pay for the uses and purposes of the or-
ganization, maintenance and carrying on said banking in-
stitution, the sums of money designated and set out in said
contract, respectively, and in the manner therein stated.

"That the said John G. Raine, by the style of J. G.
Raine, subscribed said agreement and designated therein as
the amount which he would pay the sum of $10,000, which
said sum was payable as follows, to-wit: $5,000, being
fifty per cent of the amount of his said subscription, on or
before the 1st day of May, A. D. 1889, and to pay there-
after in five monthly payments the sum of $1,000 each, or,
at his option, in lieu of said five payments of $1,000, or to
pay the full sum of $5,000, being the residue of his said
subscription, all on or before the 1st day of August, A. D.
1889; a copy of said contract and subscription list is hereto
attached and marked "Exhibit A," and made a part of
this petition; that afterwards, and prior to the 29th day of
March, A. D. 1889, the subscribers above referred to, in
pursuance of a notice, met at the office of O. B. Thomp-
son, in the city of Grand Island, and duly organized
themselves by the election of J. F. Zediker as president,
and O. B. Thompson as secretary, and duly adopted and
agreed upon articles of incorporation for the purpose of
incorporating under the style and name of 'The Security
State Bank of Grand Island, Nebraska;' that the articles
of incorporation then adopted, agreed upon, were after-
wards, by the said John G. Raine et al., duly executed, ac-
knowledged, and afterwards duly filed for record in the
office of the county clerk of said Hall county according to
the statutes of the state of Nebraska in such cases made
and provided; that the Security State Bank so organized
as aforesaid is the same bank agreed to be organized and

referred to in said original subscription list, a copy of which is hereto attached and marked 'Exhibit A;' that the said Security State Bank, the plaintiff herein, has duly performed all the conditions in said subscription list and agreement contained on its part to be kept and performed; that the said John G. Raine, defendant, did not on the 1st day of May, A. D. 1889, pay the said amount of $5,000, being fifty per cent of the amount of said subscription as therein agreed, nor hath he yet paid the same or any part thereof, to the damage of said plaintiff."

The contract referred to in the petition is as follows:

"Whereas, The stockholders of the First National Bank of Franklin, Nebraska (capital, $60,000), propose to discontinue said bank and to organize at Grand Island, Nebraska, a bank under the state laws, with a capital of $125,000, to be paid in cash, and to maintain at Franklin, Nebraska, a branch, as long as the same proves satisfactorily profitable; and

"Whereas, Said new bank proposes, in · case the citizens of Hall county, Nebraska, will subscribe for $30,000 of the stock therein, to purchase lots opposite the opera house in Grand Island and erect thereon, during the year 1889, a building to cost not less than $25,000, to be 55x91 (or longer), three or four stories in height, with stone front on Locust street, and built substantially in accordance with the sketch prepared by H. F. Jul. Feurhman, architect:

"Now, therefore, we, the undersigned, desiring to promote so worthy an enterprise, and believing that the organizing of said bank and erecting of said building would be of great benefit to the interests of Grand Island and Hall county, and prove a profitable investment, do hereby subscribe the amounts opposite our respective names to the capital stock of said proposed bank under the foregoing proposition and on the following conditions, to-wit:

"First—That said lots shall be turned over to said proposed bank at a valuation satisfactory to a majority of the undersigned.

"Second—That should the stockholders in said National Bank, or any other proposed stockholders in the proposed new bank, turn in as payment for stock in the new bank any notes in lieu of cash, the same shall be guaranteed as to principal and at least 10 per cent interest in manner and form satisfactory to the majority of the undersigned.

"Third—That the organization and management.of said proposed bank shall likewise meet with the approval of a majority of the stock subscribed hereto, on a vote of said stock by itself at said organization meeting.

"Fourth—That the stock subscribed below shall be paid in as follows: Fifty per cent on or before May 1, 1889, and thereafter in five monthly payments of ten per cent each; or in lieu of said last five payments, one payment of fifty per cent on or before August 1, 1889, at the option of the individual subscribers thereof."

This contract is signed by eleven persons, including the defendant, the aggregate of the subscriptions being $35,-000. It will thus be seen, if the statements of the petition are true, that the plaintiff bank was organized at Grand Island with a capital stock of $125,000, and undertook to erect a certain building on a certain lot in that city provided the defendant with other persons would subscribe and pay into the stock of said bank the sum of $30,000. It does appear that $35,000 were subscribed, and so far as appears such subscriptions were *bona fide*. All the conditions, therefore, upon which the defendant had entered into the contract have been complied with, and apparently the bank is entitled to recover. If the defendant has a defense to the action he should set it up by answer.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.